AZARIAH P. HUNT

*v.*

JULIA W. VAN DERVEER et al.

</div>

The creditor of a deceased debtor who had conveyed all her lands to one of her daughters in her lifetime, filed a bill to set aside such conveyance as fraudulent, and alleged that the decedent left no will, and that no letters of administration had been taken out on her estate.—*Held*, that all of her children were proper parties, as next of kin, on account of their interest in decedent's personal estate, and therefore a prayer that one of such children (not the grantee) discover whether she has any of her mother's estate was good on demurrer for misjoinder.

Creditor's bill. On demurrer.

*Mr. John Schomp*, for demurrer.

*Mr. H. F. Galpin, contra.*

BIRD, V. C.

The bill shows that the complainant had a just claim against Mary Van Derveer in her lifetime, now deceased, and that after the creation of such obligations she conveyed all her lands to her daughter, Julia Van Derveer; that since then Mary Van Derveer has died, without a will, and that no administration has been had upon her personal estate and that no administrator has been appointed; and that said Mary Van Derveer did not leave goods and chattels or other personal estate enough, so far as the complainant can discover, to defray the expenses of settling her estate. The bill alleges that Mary Van Derveer left four chil-

dren her surviving, her only heirs-at-law.   These are all made defendants.    Nellie C., one of these children, files the demurrer to the bill, and puts it on the ground that no decree is asked against her, nor can any decree be made against her under the bill as framed.

Although Nellie C. can have no interest in the lands which her mother conveyed, whether such conveyance be adjudged fraudulent or not, the same cannot be said with respect to the personal estate.   The title to that remained in Mary Van Derveer at the time of her death.   In such personal estate Nellie C. is interested as one of the next of kin.   It could not be taken away from her without bringing her into court, nor could the personal estate be ignored by the creditor who seeks to charge the lands in the hands of the alleged fraudulent grantee, since the personal estate is the primary fund out of which to discharge the debts of the decedent.   And to save all room for controversy, Nellie C. is not only made a party, but she is called upon to make discovery of any estate which was of her mother.   In this respect relief is sought at her hands ; and in this respect the court may be called upon to make an order or decree against her. But independently of this prayer for discovery, I cannot but think that the bill is good as to Nellie C., in that it discloses that she is one of the next of kin, and therefore has an interest in the personal estate left by the deceased.   This, I say, is enough to sustain the bill, even though there be no other charge nor any prayer against her on which to base a decree.   Such charge shows she has an interest, and the prayer against her for subpœna brings her into court and enables her to make defence if she so desires, and to protect her interest.

I think the demurrer should be overruled, with costs.